IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL QUIÑONES-RODRIGUEZ,
et al.,

    Plaintiffs,

    v.

TOMMY G. THOMPSON, et al,

    Defendants.

CIVIL NO. 02-2552 (RLA)

**ORDER DISMISSING COMPLAINT**

    The Court having reviewed the arguments presented by the parties, as well as the evidence submitted therewith, finds that dismissal of the instant complaint is warranted.

    This action arises from the withdrawal of an employment offer made to plaintiff Miguel Quiñones-Rodriguez by the Department of Health and Human Services ("DHHS" "Agency"). Plaintiff alleges that this decision was based on his race and national origin and seeks relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), Federal Exec. Order No. 11246, as amended, breach of contract, and the Constitution of the United States. Plaintiff's spouse, Emilse González Figueroa, and their conjugal partnership also seek damages resulting from these events.

    Defendants contend that plaintiff's claims should be dismissed for the following reasons: (1) failure to exhaust administrative remedies; (2) Mrs. Quiñones has no valid claim under Title VII; (3) there is no colorable breach of contract claim and (4) no private

**CIVIL NO. 02-2552 (RLA)**                                                              **Page 2**

cause of action under Exec. Order No. 11246. We add that plaintiff has failed to plead a valid constitutional cause of action.

### The Facts

On September 17, 1999, plaintiff submitted an application for a nursing position with the Phoenix Indian Medical Center, ("PIMC"), an Indian Health Service facility, in Phoenix, Arizona. The Indian Health Service is a component of the Public Health Service, DHHS.

On February 9, 2000, the Agency sent plaintiff a letter confirming his acceptance to the position of Clinical Nurse, GS-610-9 at PIMC, with an effective starting date of March 27, 2000.

On March 20, 2000, Agency personnel advised plaintiff by telephone that the Agency had decided to withdraw its offer of employment. In light of its budget the Agency was forced to cancel the offer because of plaintiff's estimated relocation expenses from Puerto Rico to Arizona of over $20,000.00.

On March 23, 2000, the Agency confirmed in writing to plaintiff that its offer of employment had been withdrawn. More than five months later, on August 28, 2000, plaintiff contacted an EEO Counselor for the first time to challenge the aforementioned withdrawal of employment offer as discrimination on the basis of race (Hispanic) and national origin (Puerto Rico).

On April 2, 2001, the Agency sent plaintiff a letter requesting additional information as to why he had not contacted an EEO counselor within the 45-day time limit prescribed by the regulations.

**CIVIL NO. 02-2552 (RLA)**                                                                 **Page 3**

In his response thereto plaintiff neglected to provide any explanation as to why he did not comply with this time period.

Accordingly, on June 20, 2001, the Agency dismissed plaintiff's complaint as untimely pursuant to 29 C.F.R. § 1614.107(a)(2).

On July 11, 2001, plaintiff appealed the Agency's dismissal of his complaint to the Office of Federal Operations.

On January 9, 2002, the Office of Federal Operations affirmed the Agency's decision.

On February 22, 2002, plaintiff, his wife and their conjugal partnership instituted an action in this forum with identical claims to the present one which case was assigned Civ. No. 02-1276(JP). Judgment dismissing that suit was entered on July 26, 2002, upon plaintiffs' motion for voluntary dismissal.

The present suit was instituted on October 17, 2002, and an amended complaint filed on November 1, 2004 (docket No. 28).

### Subject Matter Jurisdiction

The court's authority to entertain a particular controversy is commonly referred to as subject matter jurisdiction. "In the absence of jurisdiction, a court is powerless to act.") Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 136 (1st Cir. 2004).

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an

**CIVIL NO. 02-2552 (RLA)**                                                          **Page 4**

obligation to inquire sua sponte into its own subject matter jurisdiction." <u>McCulloch v. Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004). *See also*, <u>Bonas v. Town of North Smithfield</u>, 265 F.3d 69, 73 (1st Cir. 2001) ("Federal courts, being courts of limited jurisdiction, have an affirmative obligation to examine jurisdictional concerns on their own initiative.") Further, subject matter jurisdiction is not waivable and thus, may be raised at any time. <u>Kontrick v. Ryan</u>, ___ U.S. ___ 124 S.Ct. 906, 915, 157 L.Ed.2d 867 (2004).

Ordinarily subject matter jurisdiction should be examined as a threshold matter and if found lacking the case should be dismissed without entertaining the merits of plaintiff's complaint. <u>Bolduc v. United States</u>, 402 F.3d 50, 55 (1st Cir. 2005); <u>Berner v. Delahanty</u>, 129 F.3d 20, 23 (1st Cir. 1997).

The proper vehicle for challenging the court's subject matter jurisdiction is Rule 12(b)(1) whereas challenges to the sufficiency of the complaint are examined under the strictures of Rule 12(b)(6). In disposing of motions to dismiss for lack of subject matter jurisdiction the court is not constrained to the allegations in the pleadings as with Rule 12(b)(6) petitions. Rather, the court may review extra-pleading material without transforming the petition into a summary judgment vehicle. <u>Gonzalez v. United States</u>, 284 F.3d 281, 288 (1st Cir. 2002); <u>Aversa v. United States</u>, 99 F.3d 1200, 1210 (1st Cir. 1996).

**CIVIL NO. 02-2552 (RLA)**                                                                 **Page 5**

>        In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. In addition, the court may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in the case.

Aversa, 99 F.3d at 1210-11 (citations omitted). *See also*, Shrieve v. United States, 16 F. Supp.2d 853, 855 (N.D. Ohio 1998) ("In ruling on such a motion, the district court may resolve factual issues when necessary to resolve its jurisdiction.")

If jurisdiction is questioned, the party asserting it has the burden of proving a right to litigate in this forum. McCulloch v. Velez, 364 F.3d at 6. "Once challenged, the party invoking... jurisdiction must prove [it] by a preponderance of the evidence." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004). *See also*, Mangual v. Rotger-Sabat, 317 F.3d 45, 56 (1st Cir. 2003) and Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (party invoking federal jurisdiction has burden of establishing it).

### Rule 12(b)(6)

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor.

**CIVIL NO. 02-2552 (RLA)**                                                    **Page 6**

Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. den*. 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

### Title VII

The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See*, United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). In 1972 - by way of an amendment to the Civil

**CIVIL NO. 02-2552 (RLA)**                                                                **Page 7**

Rights Act of 1964 - federal employees as well as applicants to federal employment were allowed to vindicate claims of discrimination in employment based on "race, color, religion, sex, or national origin" via judicial proceedings. 42 U.S.C. § 2000e-16(a). These remedies are exclusive and mandate that employees first exhaust the pertinent administrative steps prior to resorting to the court for relief. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-30, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Hence, federal agencies "may only be sued in federal court if the aggrieved employee... has exhausted all available administrative remedies. Misra v. Smithsonian Astrophysical Observatory, 248 F.3d 37, 40 (1st Cir. 2001). "[P]laintiffs could not proceed under Title VII without first exhausting administrative remedies." Lebron-Rios v. U.S. Marshal Serv., 341 F.3d 7, 13 (1st Cir. 2003). "Judicial recourse under Title VII, however, is not a remedy of first resort...." Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003). Plaintiff's "Title VII cause of action is limited to those discrimination and retaliation allegations in his ... complaint that were previously the subject of a formal EEO complaint." *Id*.

The Equal Employment Opportunity Commission ("EEOC") was assigned the responsibility of establishing the mechanisms and deadlines for employees and applicants to employment to initiate the administrative process for claims based on discrimination encompassed

**CIVIL NO. 02-2552 (RLA)**                                                **Page 8**

within Title VII. *See* 42 U.S.C. § 2000e-16(b). The regulations issued thereunder provide that aggrieved employees must bring the discriminatory events to the attention of an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1) (1999). The regulations further provide that the 45-day term may be extended under specific equitable circumstances to be proven by the individual. § 1614.105(a)(2).

It is uncontested that plaintiff did not timely initiate contact with the EEO Counselor. Plaintiff was aware of the offer revocation by March 23, 2000, at the latest and yet, it was not until August 28, 2000, that is, over 150 days later that he first noted his complaint. Further, at no time has plaintiff made any attempt to show cause for having the term extended.

Failure to contact the counselor within the 45-day term provided by the regulations causes plaintiff to lose his right to subsequently bring suit in court. Roman-Martinez v. Runyon, 100 F.3d 213, 217 (1st Cir. 1996). "[T]he law is clear that a federal employee filing a Title VII action must contact an EEO counselor within 30[1] days of the event that triggers his claim." Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990). *See also*, Velazquez-Rivera v. Danzig, 234 F.3d 790,

---

[1] The period for initially contacting the EEO counselor was originally 30 days. This term was extended to 45 days in the regulations effective 1992.

794 (1st Cir. 2000) (administrative remedies not exhausted since no contact with EEOC counselor within the 45 days required by the regulations).

As defendants correctly pointed out, "in a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 564 (1st Cir. 2005).

Accordingly, we lack jurisdiction to entertain plaintiff's Title VII claim due to his failure to exhaust the required administrative remedies.

### Spouse

Further, plaintiff's spouse has no valid claim under Title VII. Relief against the Government under this particular statute is limited to "employees or applicants for employment" in the federal system. 42 U.S.C. § 2000e-16(a). *See also*, <u>Ramos v. Roche Prods.</u>, 694 F. Supp. 1018, 1026 (D.P.R. 1988), *vacated on other grounds*, 880 F.2d 621 (1st Cir. 1989) ("Though Congress intended Title VII to provide a broad foundation to remedy employment discrimination, it did not intend to provide a remedy to a spouse of a plaintiff having no employment connection with the employer".)

### Conjugal Partnership

In Puerto Rico the conjugal partnership is a separate entity from its individual members with its own distinct identity. <u>Reyes Castillo v. Cantera Ramos, Inc.</u>, 139 D.P.R. 925, 928 (1996). *See*

**CIVIL NO. 02-2552 (RLA)**                                                             **Page 10**

*also*, Maldonado Rodriguez v. Banco Central Corp., 138 D.P.R. 268, 273 n.6 (1995). However, its sole purpose in these proceedings is to seek lost earnings which are property of the conjugal partnership.

Inasmuch as we have ruled that plaintiff has no viable cause of action in this case there is no outstanding claim for loss of income to be brought on behalf of the conjugal partnership constituted by Miguel Quiñones-Rodriguez and his spouse.

### Breach of Contract

Even assuming plaintiff had a viable breach of contract action arising from defendant's withdrawal of its employment offer we lack jurisdiction to entertain such a claim. The Amended Complaint seeks damages in excess of half a million dollars.

As previously noted, "'[a]s a sovereign nation, the United States is immune from liability except to the extent that it consents to suit.'" Bolduc, 402 F.3d at 55 (*citing* Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000)).  Through the Tucker Act, 28 U.S.C. § 1491, the United States waived its sovereign immunity for actions seeking money damages for breach of contract claims. However, it specifically determined where those claims could be heard. Breach of contract suits surpassing demands of $10,000 are the exclusive dominion of the Court of Federal Claims. Charles v. Rice, 28 F.3d 1312, 1321 (1st Cir. 1994). "The jurisdiction of the district courts is limited to claims for money damages 'not exceeding $10,000 in amount.'" Berman v. United States, 264 F.3d 16, 21 (1st

**CIVIL NO. 02-2552 (RLA)**                                              **Page 11**

Cir. 2001). *See also*, Burgos v. Milton, 709 F.2d 1, 3 (1st Cir. 1983) (damages sought in excess of $10,000.00 exclusive jurisdiction of Court of Claims).

Based on the foregoing, we lack jurisdiction to entertain the breach of contract claim.

### Exec. Order No. 11246

Plaintiff also cited Exec. Order No. 11246[2] as additional grounds for relief. However, not only is plaintiff's discrimination claim against the United States circumscribed by the provisions of Title VII but the aforementioned Executive Order does not allow for a private cause of action in federal court for alleged violations thereto. Pena v. Crowley Amer. Transp., 172 F. Supp.2d 321 (D.P.R. 2001).

### Constitutional Claim

Plaintiff further argues that by withdrawing its employment offer the "Medical Center violated the Constitution of the United States". Amended Complaint ¶ 32.

> [I]n the absence of a specific statutory authorization (and the [plaintiff] points to none), the only way in which a suit for damages arising out of constitutional violations

---

[2] Exec. Order No. 11246 (Sept. 28, 1964) amended by Exec. Order No. 11375 (October 13, 1967) enjoins federal contractors from discriminating against qualified applicants and employees on the basis of race, color, religion, sex or national origin.

**CIVIL NO. 02-2552 (RLA)**                                                                 **Page 12**

attributable to federal action may be brought is under the doctrine of *Bivens*. Tapia-Tapia v. Potter, 322 F.3d 742, 746.

However, *Bivens* suits can only be asserted against federal officers in their individual capacities and "the government's sovereign immunity does not vanish simply because government officials may be personally liable for unconstitutional acts." *Id.* In this particular case the complaint seeks relief against codefendant Tommy J. Thompson solely in his role as DHHS Secretary which claim is barred by the sovereign immunity doctrine.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss and/or for Summary Judgment (docket No. **37**)[3] is **GRANTED** and the complaint filed in this case is **DISMISSED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 8th day of September, 2005.

                                              S/Raymond L. Acosta
                                                RAYMOND L. ACOSTA
                                  United States District Judge

---

[3] *See also*, Defendants' Memorandum (docket No. **38**); Plaintiffs' Response (docket NO. **42**) and Defendants' Reply (docket No. **45**).